UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:01CR155(AVC) |
| CHERYL DEANDRADE | : | August 14, 2006 |

MOTION TO INCLUDE LETTER IN DOCKET

The defendant respectfully moves the Court to include in the docket the attached letter (EX A) that was sent to the Court on July 21, 2006. The government has no objection to the granting of this motion.

Respectfully submitted,

The Defendant,
motion to include letter in docket

Thomas G. Dennis
Federal Defender

Dated: August 14, 2006

Terence S. Ward
Asst. Federal Defender
10 Columbus Blvd, FL 6
Hartford, CT 06106-1976
Bar No. Ct00023
(860) 493-6260
Email: terence.ward@fd.org

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion to include letter in docket has been mailed to James G. Genco, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, on this 14th day of August 2006.

Terence S. Ward

FEDERAL DEFENDER
DISTRICT OF CONNECTICUT
10 COLUMBUS BLVD FL 6
HARTFORD, CT 06106-1976

RECEIVED
2006 JUL 25 P 2:06

THOMAS G. DENNIS
FEDERAL DEFENDER

TEL: (860) 493-6260
FAX: (860) 493-6269

July 21, 2006

The Honorable Alfred V. Covello
Senior United States District Judge
450 Main Street
Hartford, Connecticut 06103

Re: United States v. Deandrade, 3:05CR 286(AVC); 3:01CR 155(AVC)

Dear Judge Covello,

Cheryl Deandrade has two matters pending before the Court. They are: (1) her sentencing in Criminal No. 3:05CR286(AVC) for bank fraud and (2) her violation of supervised release in Criminal No. 3:01CR155(AVC). Those matters are both set for disposition on August 3, 2006.

In an effort to assist the Court and to narrow the issues at the disposition hearing, the parties have reached certain agreements. First, to resolve potentially disputed guideline calculations, the parties have agreed that the enhancement for abuse of a position of trust does not apply. The resulting guideline range is 12-18 months.

Second, the parties agree that with respect to the supervised release violation, the appropriate guideline range is 15-21 months.

Third, as part of the plea agreement, the government agreed not to oppose the defendant's request for the sentences on the two cases to be concurrent.

Fourth, the parties have also reached an agreement, not previously reflected in the plea agreement, that a sentence of 18 months - which represents the top of the range on the bank fraud case and the middle of the range on the supervised release violation - is an appropriate and reasonable sentence. As noted above, the defendant respectfully will request, and the government will not oppose, these sentences running concurrently.

Fifth, the parties agree that the amount of restitution on the bank fraud is $10,167.80.

The Court already ordered restitution on the case for which Ms. Deandrade was on supervised release. As part of the order revoking that supervised release, Ms. Deandrade expects the Court to order that the outstanding balance be paid.

Finally, the parties agree that no fine is to be imposed since the defendant does not have the means to pay a fine given her lack of employment, impending incarceration, and her restitution obligations.

The parties recognize, of course, that no agreement they make is binding on the Court. The terms of this agreement, however, if accepted by the Court, eliminate the need to litigate guideline issues, departure issues, or other sentencing issues. Moreover, the proposed sentence is ultimately reasonable within the meaning of 18 U.S.C. 3553(a) and requires no departure.

Thank you for your consideration of this agreement. If you have questions or would like to discuss these issues prior to the sentencing hearing, the parties would be happy to assist the Court.

Very truly yours,

Terence S. Ward
Assistant Federal Defender

cc: James G. Genco, AUSA