**FEDERAL DEFENDER**
DISTRICT OF CONNECTICUT
10 COLUMBUS BLVD FL 6
HARTFORD, CT 06106-1976

THOMAS G. DENNIS                                                TEL:  (860) 493-6260
FEDERAL DEFENDER                                                FAX:  (860) 493-6269

July 21, 2006

The Honorable Alfred V. Covello
Senior United States District Judge
450 Main Street
Hartford, Connecticut 06103

    Re: United States v. Deandrade, 3:05CR 286(AVC); 3:01CR 155(AVC)

Dear Judge Covello,

    Cheryl Deandrade has two matters pending before the Court. They are: (1) her sentencing in Criminal No. 3:05CR286(AVC) for bank fraud and (2) her violation of supervised release in Criminal No. 3:01CR155(AVC). Those matters are both set for disposition on August 3, 2006.

    In an effort to assist the Court and to narrow the issues at the disposition hearing, the parties have reached certain agreements. First, to resolve potentially disputed guideline calculations, the parties have agreed that the enhancement for abuse of a position of trust does not apply. The resulting guideline range is 12-18 months.

    Second, the parties agree that with respect to the supervised release violation, the appropriate guideline range is 15-21 months.

    Third, as part of the plea agreement, the government agreed not to oppose the defendant's request for the sentences on the two cases to be concurrent.

    Fourth, the parties have also reached an agreement, not previously reflected in the plea agreement, that a sentence of 18 months - which represents the top of the range on the bank fraud case and the middle of the range on the supervised release violation - is an appropriate and reasonable sentence. As noted above, the defendant respectfully will request, and the government will not oppose, these sentences running concurrently.

    Fifth, the parties agree that the amount of restitution on the bank fraud is $10,167.80.

*[Margin annotation: 3:05CR286(AVC) August 15, 2006. The clerk's office is directed to docket this letter. /s/ Alfred V. Covello, U.S.D.J. SO ORDERED.]*

The Court already ordered restitution on the case for which Ms. Deandrade was on supervised release. As part of the order revoking that supervised release, Ms. Deandrade expects the Court to order that the outstanding balance be paid.

Finally, the parties agree that no fine is to be imposed since the defendant does not have the means to pay a fine given her lack of employment, impending incarceration, and her restitution obligations.

The parties recognize, of course, that no agreement they make is binding on the Court. The terms of this agreement, however, if accepted by the Court, eliminate the need to litigate guideline issues, departure issues, or other sentencing issues. Moreover, the proposed sentence is ultimately reasonable within the meaning of 18 U.S.C. 3553(a) and requires no departure.

Thank you for your consideration of this agreement. If you have questions or would like to discuss these issues prior to the sentencing hearing, the parties would be happy to assist the Court.

Very truly yours,

Terence S. Ward
Assistant Federal Defender

cc: James G. Genco, AUSA